```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

                                  :
KIMBERLY D. BOWERS, et al.
                                  :

    v.                            :   Civil Action No. DKC 20-3516

                                  :
WEBSTAURANTSTORE, et al.
                                  :

                          * * * * * *
CONNIE ROSS
                                  :

    v.                            :   Civil Action No. DKC 20-3533

                                  :
WEBSTAURANTSTORE, et al.
                                  :
```

**MEMORANDUM OPINION**

After a two-day evidentiary hearing/bench trial, the court orally announced findings of fact and invited counsel to discuss whether and how they wished to submit written legal arguments. The parties have since advised that no further legal arguments will be made and that Plaintiffs withdraw their motion for partial summary judgment. (Civil Action No. DKC 20-3516, ECF Nos. 23 and 39). For the following reasons, these cases will be stayed pending arbitration.

> The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no

>   choice but to grant a motion to compel
>   arbitration where a valid arbitration
>   agreement exists and the issues in a case fall
>   within its purview. *United States v. Bankers
>   Ins. Co.,* 245 F.3d 315, 319 (4th Cir.2001).

*Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002).[1] There are four requirements that must be met before arbitration is compelled: (1) a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) a sufficient interstate commerce nexus; and (4) the failure of a party to arbitrate.  *Id*., 303 F.3d at 500-01.  Only the second element is contested in this case.

Whether there is a written agreement presents a state law question of contract formation.  Under Maryland law, as generally, a contract is a set of promises, formed when an unrevoked offer is accepted.  "Under Maryland law, '[t]he formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration.' *CTI/DC, Inc. v. Selective Ins. Co. of Am.,* 392 F.3d 114, 123 (4th Cir.2004)

---

[1] Dismissal, rather than a stay, may be the proper remedy when all issues are arbitrable.  *Brito v. Major Energy Electric Services, LLC*, --- F.Supp.3d ---, 2021 WL 1060283, *7 (D.Md. Mar. 18, 2021)(citing *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001)).  Given the parties' dispute over whether all issues are arbitrable (a question for the arbitrator in the first instance), a stay rather than dismissal is the proper remedy in this case.

(citing *Peer v. First Fed. Sav. and Loan Ass'n of Cumberland*, 273 Md. 610, 331 A.2d 299, 301 (1975))." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 777 (4th Cir. 2013). An arbitration agreement is supported by adequate consideration where both parties agree to be bound by the arbitration process. *Johnson v. Circuit City Stores*, 148 F.3d 373, 378 (4th Cir. 1998)(citing *O'Neil v. Hilton Head Hospital*, 115 F.3d 272, 274 (4th Cir. 1997)).

The arbitration agreement (with its incorporated "Dispute Resolution Booklet") constitutes a contract, signed by Defendant and, electronically, by Plaintiffs.[2] Plaintiffs dispute the validity and enforceability of the contract for three reasons: they claim, first, that the contract is void because the material terms were not disclosed to them; second, that the consideration is lacking, and, third, that they have not been provided real access to arbitration. (ECF No. 11).

The findings of fact refute the first argument. Based on the evidence presented, the court found that all three plaintiffs had the opportunity to read and review the documents prior to signing and that, while it was a condition of continued employment that

---

[2] At the hearing, Plaintiffs suggested that Maryland law did not permit recognition of electronic signatures. They have not pursued that argument, however.

they agree, they did not have to sign the agreements that afternoon if they wanted more time to review them and even talk to counsel. Defendants did disclose the terms of the contract by making both electronic and hard copies available prior to the electronic signing.  Plaintiffs had the opportunity to read the documents, if they wished, and to defer signing.  Absent fraud, any failure by Plaintiffs to obtain information to understand the transaction, due to their own negligence, does not undermine the validity of the contract.  *Blickenstaff v. Bankers Mortg. Co.*, 266 Md. 7, 10 (1972).

There was also sufficient consideration for the agreement to arbitrate.  First, the agreement is mutual, with the employer being as bound as the employee, with the only exception being the ability to seek injunctive relief in court.  Such a carve-out does not negate mutuality.  *Taylor v. Santander Consumer USA, Inc.*, DKC 15-0442, 2015 WL 5178018 (D.Md. September 3, 2015)(citing *Walther v. Sovereign Bank*, 386 Md. 412, 433 (2005) and *Hill v. Peoplesoft USA, Inc.*, 412 F.3d 540, 544 (4th Cir. 2005)).  The agreement also recites that there has been "consideration" and the $100 payment fulfills that function.

It is not entirely clear what the third objection is.  Copies of both documents were available to Plaintiffs and there is no

4

evidence that Defendants prevented them from initiating arbitration.

The Plaintiffs also contended in a motion for partial summary judgment that claims of sexual harassment are excluded from the arbitration clause based on Maryland law.  The court directed the parties to address whether that issue, a gateway determination of arbitrability, was initially for the arbitrator or the court. After the hearing, Plaintiffs elected to withdraw that motion. Thus, Plaintiffs are required to seek relief by initiating an arbitration proceeding.

A separate order will be entered.

                              /s/
                    DEBORAH K. CHASANOW
                    United States District Judge